# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BECKLEY DIVISION

| | |
|---|---|
| TERRENCE R. VANCE, ) | |
|     Petitioner, ) | |
| ) | CIVIL ACTION NO. 5:22-00004 |
| v. ) | |
| ) | |
| D.L. YOUNG, ) | |
|     Respondent. ) | |

## **PROPOSED FINDINGS AND RECOMMENDATION**

On January 3, 2022, Petitioner, acting *pro se*,[1] filed his Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 arguing that he is entitled to time credit pursuant to the First Step Act of 2018 ("FSA"). (Document No. 1.) Specifically, Petitioner states he has completed recidivism reduction programs and prison jobs as required by the Act. (Id.) Petitioner asserts that "the BOP must allot Petitioner, as of this date 9/28/21, 16 months and 20 days of earned time credits to be applied to either prerelease custody or supervised release." (Id.) As relief, Petitioner requests that the Court direct the BOP to award him his FSA credit and to "reconsider his Career Offender designation." (Id.) Petitioner paid the $5.00 filing fee on January 7, 2022. (Document No. 4.)

By Order entered on January 11, 2022, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Petition and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 5.) On February 18, 2022, Respondent filed a Response. (Document No. 8.) Respondent argues that Petitioner's Petition should be denied based on the following: (1) Petitioner failed to exhaust his administrative remedies (Id., pp. 2 – 3.); and (2) "Petitioner is not eligible for FTC release at this

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

time." (Id., pp. 3 – 4.). As Exhibits, Respondent attaches the following: (1) The Declaration of Destiny Spearen (Document No. 8-1, p. 2.); (2) A copy of Petitioner's "FSA Recidivism Risk Assessment" (Id., p. 4.); (3) A copy of Petitioner's "Administrative Remedy Generalized Retrieval" (Id., pp. 6 – 10.); and (4) A copy of Petitioner's "Inmate Discipline Data Chronological Disciplinary Record (Id., pp. 12 – 13.). By Order and Notice entered on February 18, 2022, the undersigned notified Petitioner of his right to file a Reply to Respondent's Response. (Document No. 9.) Petitioner, however, failed to file a Reply.

On July 27, 2023, Respondent filed a "Motion to Dismiss Petition." (Document No. 10.) Specifically, Respondent argues that Petitioner's Petition should be dismissed as moot based upon Petitioner's release from custody. (Id.) By Order and Notice entered on July 28, 2023, the undersigned notified Petitioner of his right to file a Response on or before August 11, 2023. (Document No. 11.) Petitioner, however, failed to file a Response by August 11, 2023. By Proposed Findings and Recommendation ("PF&R") entered on August 17, 2023, the undersigned recommended that the District Court grant Respondent's "Motion to Dismiss Petition" (Document No. 10). (Document No. 12.) On August 29, 2023, Petitioner filed a letter-form Motion for Extension of Time requesting additional time to respond to Respondent's "Motion to Dismiss Petition." (Document No. 14.) In support, Petitioner stated that he did not receive the Court's Order and Notice until August 16, 2023. (Id.) Petitioner asserted he is "interested in continuing the motion," but needs an extension of time to respond. (Id.) By Order entered on October 31, 2023, United States District Judge Frank W. Volk noted the filing of Petitioner's letter-form Motion for Extension of Time and ordered that "the case be **REFERRED** to Magistrate Judge Aboulhosn under the terms of the original referral order." (Document No. 15.) By Order entered on November 1, 2023, the undersigned directed that the PF&R (Document No. 12) filed on August 17, 2023 "be

2

**WITHDRAWN** and **STRIKEN** from the docket" and granted Petitioner's letter-form Motion for Extension of Time (Document No. 14). (Document No. 16.) The undersigned directed Petitioner to file a Response to the Respondent's "Motion to Dismiss Petition" (Document No. 10) by November 29, 2023 and notified Petitioner that no further extensions of time will be granted." (Id.) Petitioner again failed to file a Response to Respondent's "Motion to Dismiss Petition."

## ANALYSIS

Generally, a federal inmate must exhaust available administrative remedies before filing a writ of habeas corpus in federal court. Boumediene v. Bush, 553 U.S. 723, 128 S.Ct. 2229, 171 L.Ed.2d 41 (2008); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490-91, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973)(requiring exhaustion in a Section 2241 action). Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, Courts consistently require prisoners to exhaust their administrative remedies prior to seeking *habeas* review under Section 2241. See Timms v. Johns, 627 F.3d 525, 530-33 (4th Cir. 2010); McClung v. Shearin, 90 Fed.Appx. 444, 445 (4th Cir. 2004)(unpublished)(citing Carmona v. Bureau of Prisons, 243 F.3d 629, 634 (2nd Cir. 2001)); Pelissero v. Thompson, 170 F.3d 442, 445 (4th Cir. 1999); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). Exhaustion allows prison officials to develop a factual record and an opportunity to correct their own errors before being haled into Court. See Jones v. Bock, 549 U.S. 199, 204, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); McCarthy v. Madigan, 503 U.S. 140, 144-45, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992). The purpose of exhaustion, however, is frustrated "[w]hen an inmate attempts to exhaust an issue before the issue is ripe for review [because] the BOP is deprived of its opportunity to properly address the issue before being haled into court." Specter v. Director, 2010 WL 883733, * 4 (D.S.C. Mar. 5, 2010)(slip copy)(finding that petitioner failed to properly exhaust his claim for RRC placement because "no recommendation or decision

had been made in his case yet and would not occur until 17 to 19 months prior to his anticipated release date").

Unlike the exhaustion requirement for Section 1983 and Bivens actions, the exhaustion requirements for Section 2241 Petitions are judicially imposed. See Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3rd Cir. 1996); McCallister v. Haynes, 2004 WL 3189469 (N.D.W.Va. 2004). Since the exhaustion requirement for a Section 2241 Petition is judicially imposed, the Court has discretion to waive that requirement in certain circumstances. See LaRue v. Adams, 2006 WL 1674487, * 8 (S.D.W.Va. June 12, 2006)(citing Smith v. Angelone, 111 F.3d 1126, 1129-31 (4th Cir.), cert. denied, 521 U.S. 1131, 118 S.Ct. 2, 138 L.Ed.2d. 1036 (1997)); also see Reeder v. Phillips, 2018 WL 2434003, * 3 (N.D.W.Va. June 12, 2008)(Since the statute authorizing habeas matters does not expressly require administrative exhaustion, the court retains discretion to disregard the exhaustion requirement in "pressing circumstances."). Courts, therefore, have recognized that exhaustion may be excused under certain circumstances, such as by a showing of futility or irreparable injury. It is clear, however, that "[e]xhaustion of administrative remedies is not rendered futile simply because an inmate anticipates he will be unsuccessful in his administrative appeals." Wright v. Warden, 2010 WL 1258181, * 1 (D.Md. Mar. 24, 2010)(slip copy); also see Reeder, 2008 WL 2434003, at * 3("Unless the agency is *certain* to rule adversely, however, a petitioner's unsupported prediction of failure does not excuse his lack of administrative exhaustion.")(emphasis added).

The BOP has established an Administrative Remedy Program, 28 C.F.R. § 542.10, *et seq.*, through which an inmate may seek formal review of issues or complaints relating to confinement. Depending upon at what level an inmate initiates it, the BOP's Administrative Remedy Program

is a three-step or four-step grievance procedure. As a general matter, a federal inmate is required first to attempt to resolve his complaints informally by the submission of an "Inmate Request to Staff Member" form. 28 C.F.R. § 542.13. The inmate's request may be rejected if improper, and the inmate will then be advised of the proper administrative procedure. Id. Within 20 days after the circumstances occurred which are the subject of the inmate's complaints, the inmate must complete this first step and submit a formal "Administrative Remedy Request" on a BP-9 form to an institution staff member designated to receive such Requests, 28 C.F.R. § 542.14(a) and (c)(4), or under exceptional circumstances to the appropriate Regional Director. Id., § 542.14(d). The Warden of the institution and the Regional Director must respond to the inmate's Request within 20 and 30 days respectively. Id., § 542.18. If the inmate's Request was directed to the Warden of the institution and the Warden's response is unfavorable, the inmate may appeal within 20 days to the Regional Director on a BP-10. Id., § 542.15(a) and (b). If the Regional Director's response is unfavorable, the inmate may appeal to General Counsel on a BP-11 form within 30 days after the Regional Director signed the response. Id., § 542.15(a). General Counsel has 40 days to respond to the inmate's appeal. Id., § 542.18. The administrative process is exhausted when General Counsel issues a ruling on the inmate's final appeal. Id., § 542.15(a). The entire process takes about 120 days to complete. An inmate's submission may be rejected at any level for failure to comply with the administrative remedy requirements or if the submission is written in an obscene or abusive manner. Id., § 542.17(a). The inmate will be provided with notice of any defect and whether the defect is correctable. Id., § 542.17(b). If a request or appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection to the next appeal level. Id., § 542.17(c).

In his Response, Respondent argues that Petitioner's Section 2241 Petition should be denied because Petitioner did not exhaust his administrative remedies. (Document No. 8, pp. 2 - 3.) Although Respondent acknowledges that Petitioner has filed numerous administrative remedies while incarcerated with the BOP, Respondent states that Petitioner "failed to exhaust his remedies with respect to the claims related to this action." (Id.) In support, Respondent submits the Declaration of Destiny Spearen, a Paralegal at the Beckley Consolidate Legal Center. (Document No. 8-1, p. 2.) Ms. Spearen declares that in her position she has access to SENTRY, the Bureau of Prisons' online system containing, among other things, information about inmates' administrative remedy filings. (Id.) Ms. Spearen acknowledges that Petitioner has taken advantage of the administrative remedy process during his incarceration, but no remedies were exhausted related to the claim asserted in Petitioner's Petition. (Id.) Specifically, Ms. Spearen states, in pertinent part, as follows: "A review of Petitioner's administrative remedy history reveals he has filed administrative remedies while incarcerated, but has not filed any remedies concerning Federal Time Credit ('FTC')." (Id., p. 2.) As an Exhibit, Ms. Spearen attaches a copy of Petitioner's "Administrative Remedy Generalized Retrieval" dated February 17, 2022. (Id., pp. 10 - 45.) Petitioner failed to file a Reply disputing the foregoing.

Based upon a review of the record, the undersigned finds that Petitioner failed to fully exhaust his available administrative remedies. As stated above, it is undisputed that Petitioner failed to fully exhaust his administrative remedies concerning the claim contained in his Petition. Petitioner has failed to refute the specific allegations contained in Ms. Spearen's Declaration and the Exhibit in support (Petitioner's Administrative Remedy Generalized Retrieval). (Document No. 8-1.) Accordingly, the undersigned finds that Petitioner clearly failed to exhaust his available

administrative remedies concerning his claim when he filed the instant Petition, and he has not demonstrated any facts supporting a finding that the administrative remedy process was futile. Based upon the foregoing, the undersigned respectfully recommends that the District Court dismiss the above action because Petitioner failed to properly exhaust the available administrative remedies prior to filing his Petition and deny as moot[1] Respondent's "Motion to Dismiss Petition" (Document No. 10).

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Document No. 1), **DENY as moot** Respondent's "Motion to Dismiss Petition" (Document No. 10), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

---

[1] In Respondent's "Motion to Dismiss Petition," Respondent argued that Petitioner's Petition should be dismissed as moot by virtue of Petitioner's release from custody. (Document No. 10.) Although the record indicates that Petitioner was released from BOP custody on December 6, 2022, Petitioner is currently in BOP custody again with a projected release date of April 6, 2024.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Volk, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

ENTER: January 5, 2024.

Omar J. Aboulhosn
United States Magistrate Judge